# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - FLINT

IN THE MATTER OF:

KASANDRA JACKSON

CHAPTER **13**
Case No. 16-31350-JDA
Judge Joel D. Applebaum

Debtor

### TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION

*Please read this Report carefully. It advises you of certain rights and deadlines imposed pursuant to the law.*
***Your rights may be adversely affected.***

Carl L. Bekofske, Standing Chapter 13 Trustee, pursuant to F.R.Bankr.P. 3002.1(f) and E.D. Mich. LBR 2015-3(a)(1), reports to the Court that the above-named Debtor has completed all payments under the confirmed Chapter 13 plan.

This notice is provided pursuant to F.R.Bankr.P. 3002.1(f), to claimants whose claims are secured by a security interest in the debtor(s) principal residence and whose claims are provided for under 11 U.S.C. 1322(b)(5).

> **IF YOUR CLAIM WAS PAID BY THE TRUSTEE, THE DEBTOR HAS PAID IN FULL THE AMOUNT REQUIRED TO CURE ANY DEFAULT ON YOUR CLAIM.**
>
> **IF YOUR CLAIM WAS PAID DIRECTLY BY THE DEBTOR OR THE AUTOMATIC STAY WAS LIFTED DURING THE TERM OF THE DEBTOR CHAPTER 13 PLAN, THE TRUSTEE DOES NOT HAVE ANY INFORMATION REGARDING WHETHER THIS OBLIGATION IS CURRENT.**
>
> *PURSUANT TO F.R.BANKR.P. 3002.1(g), YOU ARE REQUIRED TO FILE AND SERVE A RESPONSE ON THE DEBTOR, DEBTOR'S COUNSEL AND THE TRUSTEE, NO LATER THAN 21 DAYS AFTER SERVICE OF THIS NOTICE. F.R.BANKR.P. 3002.1(g) SETS FORTH THE SPECIFICS GOVERNING THE REQUIRED RESPONSE.*

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(2), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will include findings that:

1. All allowed claims have been paid in accordance with the plan; and

2. With respect to any secured claim that continues beyond the term of the plan, any prepetition or post-petition defaults have been cured and the claim is in all respects current, with no escrow balance, late charges, costs or attorney fees owing.

Pursuant to E.D. Mich. LBR 2015-3(a)(3), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will direct that:

1. Any creditor who held a secured claim that was fully paid shall execute and deliver to the Debtor a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and

2. Any creditor who holds a secured claim that continues beyond the term of the plan shall take no action inconsistent with the findings set forth in the Order of Discharge.

### RIGHTS AND DUTIES OF DEBTOR

**Duty of Debtor regarding secured debt obligations:** Every Debtor, regardless of whether the Debtor is or claims to be entitled to a discharge, must:

1. Immediately begin making the required payments on secured debt obligations to avoid defaulting on those secured debt obligations.

2. Continue to make required payments on secured debt obligations until those obligations are paid in full. If the Court determines that the Debtor is eligible for a Discharge, the Chapter 13 Discharge will not discharge the Debtor from any obligation on any continuing secured debt payments that come due after the date of the Debtor's last payment under the Plan.

*See* E.D. Mich. LBR 2015-3(a)(6)&(7).

**If the Debtor claims to be eligible for a discharge pursuant to 11 USC Section 1328:**

1. Within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor must file with the Court the Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283. The form and instructions on how to complete this form may be found on the Court's web site, www.mieb.uscourts.gov.

2. If this is a Joint Case, each Debtor must separately complete and file a Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283.

3. If the Debtor fails to complete and file a Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283 within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor's case may be closed by the Court without the entry of a discharge.

*See* E.D. Mich LBR 4004-1

**RIGHTS AND DUTIES OF CREDITORS**

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(4), if any party in interest asserts that:

1. The Debtor has failed to make all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; or

2. The Debtor is not current in any payments the Debtor was authorized to make directly to a creditor; or

3. One or more allowed claims have not been paid in accordance with the plan; or

4. With respect to any secured claim that continues beyond the term of the plan, there remains prepetition or post-petition defaults that have not been cured or that the claim is otherwise not current in all respects including, but not limited to, any unpaid escrow balance, late charge, cost or attorney fee; or

5. A creditor has a lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; or

6. There exists reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b) There is pending any proceeding in which the debtor's may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

the party may file an objection to this Report. Any objection must be filed not later than 21 days after service of this Trustee's Report. If a timely objection is filed, the Court will delay entry of the order of discharge until the Court resolves the objection and a hearing will be scheduled with notice to the objecting party.

In addition to the requirements of F.R.Bankr.P. 3002.1(g), if no objection to this Trustee's Report is timely filed, pursuant to E.D. Mich. LBR 2015-3(a)(5), it shall be conclusively determined that:

1. Debtor has made all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; and

2. Debtor is current in all payments Debtor was authorized to make directly to a creditor; and

3. All allowed claims have been paid in accordance with the plan; and

4. With respect to any secured claim that continues beyond the term of the plan, all prepetition and post-petition defaults have been cured and the claim is current in all respects including, but not limited to, all escrow balances, late charges, costs or attorney fees; and

5. A creditor has no lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and;

6. There exists no reasonable cause to believe that:

   (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

   (b) There is pending any proceeding in which the debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

7. The Court may enter an order of discharge containing the terms set forth above without further notice or hearing.

OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-FLINT
Carl L. Bekofske, Chapter 13 Standing Trustee

Dated: February 04, 2022

/s/ Carl L. Bekofske
CARL L. BEKOFSKE (P16045)
MELISSA CAOUETTE (P62729)
400 N. Saginaw St. STE 331
Flint, MI 48502-2045
Telephone (810) 238-4675

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

| | |
|---|---|
| **IN THE MATTER OF:**<br>KASANDRA JACKSON<br><br>_____ Debtor | CHAPTER 13<br>Case No. 16-31350-JDA<br>Judge Joel D. Applebaum |

### PROOF OF SERVICE OF TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION

I hereby certify that on February 04, 2022, I electronically filed the TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

Bankruptcy Law Offices


The parties on the attached list were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

/s/ Sherry Beasinger
_____
Sherry Beasinger
For the Office of the Chapter 13 Standing Trustee-Flint
400 N. Saginaw St. STE 331
Flint, MI 48503-2045
(810) 238-4675

KASANDRA JACKSON
3305 CHICAGO BLVD.
FLINT, MI 48503

AMERICAN INFOSOURCE LP
CAPITAL ONE BANK USA NA
PO BOX 71083
CHARLOTTE, NC 28272

BANK OF AMERICA, N.A.
PO BOX 26012
MAILCODE NC4-105-03-14
GREENSBORO, NC 27420-6012

BASS & ASSOCIATES, PC
3936 E. FORT LOWELL RD.
SUITE 200
TUCSON, AZ 85712-1083

BECKET & LEE LLP
PO BOX 3001
ATTN BANKRUPTCY DEPT
MALVERN, PA 19355

CBM SERVICES
300 RODD ST.
SUITE 2O2
MIDLAND, MI 48640

CHASE
PO BOX 15298
WILMINGTON, DE 19850-5298

CREDIT ACCEPTANCE CORP
25505 W 12 MILE RD, STE #3000
SIVER TRIANGLE BLDG
SOUTHFIELD, MI 48034

DISCOVER FINANCIAL SERVICES
PO BOX 3025
ATTN: BANKRUPTCY DEPT
NEW ALBANY, OH 43054

DITECH FINANCIAL, LLC
PO BOX 0049
PALATINE, IL 60055

ECMC
PO BOX 16478
LOCKBOX 8682
SAINT PAUL, MN 55116

ELGA CREDIT UNION
2305 S CENTER RD
ATTN BANKRUPTCY PAYMENTS
BURTON, MI 48519

EMP OF GENESEE COUNTY PLLC
PO BOX 637724
CINCINNATI, OH 45263

MICHIGAN GUARANTY AGENCY
C/O ECMC
LOCKBOX #726
PO BOX 16358
ST PAUL, MN 55116

NAVIENT SOLUTIONS, INC
COMMERCIAL SERVICING
220 LASLEY AVE
(PO BOX 9532,9533,9555,9500)
WILKES-BARRE, PA 18706

PRA RECEIVABLES MANAGEMENT
PORTFOLIO RECOVERY ASSOC, LLC
PO BOX 12914
NORFOLK, VA 23541

QUANTUM3 GROUP, LLC
PO BOX 657
KIRKLAND, WA 98083-0788

RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE, SC 29603-0587

RUSHMORE LOAN MANAGEMENT LLC
PO BOX 52708
IRVINE, CA 92619

SHELLPOINT MORTGAGE SERVICING
55 BEATTIE PLACE
SUITE 110
GREENVILLE, SC 29601

TROTT LAW, PC
31440 NORTHWESTERN HWY
SUITE 200
FARMINGTON HILLS, MI 48334

US DEPT OF ED/ECSI
PO BOX 1030
CORAOPOLIS, PA 15108

US DEPT OF EDUCATION
PO BOX 16448
SAINT PAUL, MN 55116

WEINSTEIN & RILEY, PS
PO BOX 3978
SEATTLE, WA 98124